**T. S. Howell, Appellee, v. Empire State Surety Com- pany, Appellant.**

**Gen. No. 17,883.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed November 20, 1913.

**Statement of the Case.**

Action by T. S. Howell against Empire State Surety

Company, a New York corporation, to recover for work done under a contract. From a judgment for plaintiff for $1,770.83, defendant appeals.

STEIN, MAYER & STEIN, for appellant; HARRY M. ROSENBLUM, of counsel.

EASTMAN & WHITE, for appellee; RALPH R. HAWX-HURST, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 331*—*receipt may be explained by parol evidence.* Where a voucher and receipt, reciting a payment in full, is a receipted bill or statement of account, oral evidence as to the circumstances under which the voucher and receipt was given is admissible for the purpose of showing the real intention of the parties and that the money was not received.

2. PAYMENT, § 37*—*when instruction is misleading.* An instruction referring to the giving of notes or a receipt as though it were claimed by defendant that the receipt was given and the notes accepted "in full settlement of the debt in controversy" is misleading when the debt in controversy had no existence at such time.

3. PAYMENT, § 36*—*when instruction is confusing.* An instruction to find for the plaintiff if defendant had not paid for a part of the work, and further if a receipt was given for notes in payment which were not paid is misleading and confusing where there is no claim that the notes were paid but it is claimed that the debt was paid by a third party.

4. INSTRUCTIONS, § 87*—*weight of evidence.* An instruction requiring a defendant to "satisfy" the jury by a fair preponderance of evidence as to a certain payment requires an improper degree of proof.

5. APPEAL AND ERROR, § 1639*—*when improper instruction is not cured.* An instruction improperly requiring defendant to "satisfy" the jury as to a certain payment is not harmless where there is no other language which can be construed as correcting or explaining the statement.

6. APPEAL AND ERROR, § 1526*—*improper instruction not harmless where verdict may not be proper.* Error in instructions cannot

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

be considered harmless on the grounds that the merits of the controversy are with the appellee where there is evidence which, if believed by the jury, would have justified a different verdict.

7. INTEREST, § 24*—*payment vexatiously delayed.* Where plaintiff is advised before signing a contract that defendant would not make a certain payment, the mere fact that defendant contested the claim to such payment does not constitute an unreasonable or vexatious delay, justifying an allowance of interest.